LATHAM & WATKINS LLP
   Kailen M. Malloy (Bar No. 341851)
kailen.malloy@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (650) 328-4600

LATHAM & WATKINS LLP
   Jason R. Burt (*Pro Hac Vice*)
   Connor J. Madden (*Pro Hac Vice*)
   Parag Dharmavarapu (*Pro Hac Vice*)
jason.burt@lw.com
connor.madden@lw.com
parag.dharmavarapu@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Tel: (202) 637-2200

Attorneys for Plaintiff
Together AI, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| TOGETHER AI, INC., d/b/a TOGETHER COMPUTER, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SESTERCE FRANCE LABS SAS, a French corporation, and SESTERCE GROUP SAS, a French corporation,<br><br>Defendants. | CASE NO. 4:25-cv-04687-JST<br><br>**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION TO MODIFY THE SCHEDULING ORDER AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: Thurs., December 18, 2025<br>Time: 2:00 pm<br>Courtroom: 6<br>Judge: Hon. Jon S. Tigar |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TOGETHER'S MOT. TO MODIFY SCHEDULING ORDER
AND FOR LEAVE TO FILE AMENDED COMPLAINT
CASE NO. 4:25-cv-04687-JST

**TO THE HONORABLE COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on Thursday, December 18, 2025 at 2:00 pm before the Honorable Jon S. Tigar, in Courtroom 6 of the United States District Court located at 1301 Clay Street, Oakland, CA 94612, plaintiff, Together AI, Inc., d/b/a Together Computer, Inc. ("Together" or "Plaintiff") will, and hereby does, move for an order to modify the Scheduling Order (Dkt. No. 24) in this case pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16-2(d), and for leave to file and serve a First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) by or before November 3, 2025.

The Motion is made on the accompanying Memorandum of Points and Authorities, the Proposed Order, all other pleadings and papers on file in this action, and all further evidence and argument that may be adduced in connection herewith.

2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TOGETHER'S MOT. TO MODIFY SCHEDULING ORDER
AND FOR LEAVE TO FILE AMENDED COMPLAINT
CASE NO. 4:25-cv-04687-JST

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Together AI, Inc., d/b/a Together Computer, Inc. ("Together") plans to amend its Complaint (Dkt. No. 1) in the above-captioned matter to add specific factual allegations and claims related to arguments raised in Defendants Sesterce France Labs SAS's ("Sesterce France Labs") and Sesterce Group SAS's ("Sesterce Group") (collectively with Sesterce France Labs, "Sesterce" or "Defendants") October 6, 2025 Motion to Dismiss (Dkt. No. 25). Given that the Motion to Dismiss was filed just this past Monday, October 6, and the deadline for amending pleadings under the Court's Scheduling Order (Dkt. No. 24) is currently set for tomorrow, October 10, Together respectfully requests that the Court grant this Motion to Modify the Scheduling Order and for Leave to File a First Amended Complaint ("Motion") and reset the deadline for amending pleadings to November 3, 2025. Together has conferred with Defendants, and they do not oppose this Motion.

## II. STATEMENT OF RELEVANT FACTS

Together filed this lawsuit on June 3, 2025, asserting claims for breach of contract and bad faith and unfair dealings. (Dkt. No. 1). On September 10, 2025, the Court entered a Scheduling Order that set an October 10, 2025 deadline to add parties or amend the pleadings, after which a party may still seek amendment but must demonstrate good cause pursuant to Federal Rule of Civil Procedure 16(b)(4). (*See* Dkt. No. 24).

On October 6, 2025, Defendants filed a Motion to Dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) on grounds that Together's complaint is predicated on a contract that was "supersed[ed]" by a later version (Dkt. No. 25 at 7), and relatedly, that Defendants are not proper parties to this dispute (*id.* at 14-17). Defendants also sought judicial notice of two versions of the contract at issue in support of their assertions.

On October 8, 2025, two days after Defendants filed their Motion to Dismiss, Together notified Defendants that it intended to seek leave to amend the Complaint and requested Defendants' position on amending the current Case Schedule to allow additional time to amend

1  pleadings and Together's intent to amend its Complaint. Defendants confirmed on October 9,
2  2025 that they do not oppose this Motion, and Together has promptly filed this Motion.

3  **III.    LEGAL STANDARD**

4      A party's request to modify a scheduling order is governed by Federal Rule of Civil
5  Procedure 16(b)(4), which states that "[a] schedule may be modified only for good cause and with
6  the judge's consent. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). The good
7  cause inquiry under Rule 16(b) "primarily considers the diligence of the party seeking the
8  amendment" and "the moving party's reasons for seeking modification." *Johnson v. Mammoth
9  Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A district court may modify a pretrial
10 schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."
11 *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). It is within a
12 court's discretion to modify a scheduling order to permit the filing of an amended complaint based
13 on an overall evaluation of the "the rights of the parties, the ends of justice and judicial economy."
14 *U.S. v. Dang*, 488 F.3d 1135, 1142 (9th Cir. 2007).

15     Notwithstanding any applicable deadlines set forth in the scheduling order, amendment of
16 a complaint is governed by Federal Rule of Civil Procedure 15. Under that rule, "a party may
17 amend its pleading once as a matter of course" within 21 days after service of a responsive
18 pleading. Fed. R. Civ. P. 15(a)(1)(B). While further amendments require "the opposing party's
19 written consent or the court's leave," courts are to "freely give leave [to amend] when justice so
20 requires." *Id.* at 15(a)(2). The Ninth Circuit has similarly held that "leave to amend should be
21 granted with extreme liberality." *Peterson v. Boeing Co.*, 715 F.3d 276, 282 (9th Cir. 2013). A
22 court considers five factors in deciding a motion for leave to amend: bad faith, undue delay,
23 prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously
24 amended its complaint. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738
25 (9th Cir. 2013). Courts determine whether to grant leave "with all inferences in favor of granting
26 the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

## IV. ARGUMENT

### A. Good Cause Exists for Together to Amend its Complaint

Good cause exists under Rule 16(b)(4) to modify the current Case Schedule to provide Together time to amend the Complaint. Courts in this Circuit typically find "good cause" to modify a case schedule in order to permit amendment of pleadings where, as here, the request for leave to amend is made in response to a dispositive motion, such as a motion to dismiss or motion for summary judgment, and the factual developments justifying amendment became evident only upon the filing of the dispositive motion. *See e.g.*, *Iovance Biotherapeutics, Inc. v. Fed. Ins. Co.*, 2025 WL 2426830, at *1 (N.D. Cal. Aug. 22, 2025); *Miller v. Arizona Beverages USA LLC*, 2024 WL 1090627, at *1 (N.D. Cal. Mar. 1, 2024) (finding good cause where plaintiff sought leave to amend in response to defendant filing a motion to dismiss). That is precisely the situation here. Defendants filed their Motion to Dismiss last Monday, October 6, 2025, just four days before the deadline to amend the pleadings under the Scheduling Order. Together seeks to amend its complaint in light of the arguments made in the Motion to Dismiss to clarify and add allegations and claims in response to that motion. And, but for the October 10 deadline to amend pleadings, Together would be able to amend the Complaint "as a matter of course" under Rule 15(a)(1)(B). Together informed Defendants that it intended to seek leave to amend the Complaint two days after the Motion to Dismiss was filed and filed this Motion one day later. *See Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 655 (N.D. Cal. 2025) (finding good cause to exist where party sought amendment soon after discovering the basis for the amendment).

Together has well demonstrated the requisite diligence needed to support a finding of good cause, and courts routinely grant leave to amend under similar circumstances in recognition that "[a]dopting a contrary approach would encourage defendants to delay filing their pleadings motions until after the amended pleadings deadline, thereby undermining the Courts' ability to ensure that the pleadings are settled early in the case." *Iovance*, 2025 WL 2426830 at *1. For instance, the *Iovance* court granted the plaintiff leave to amend after it discovered "specific issues to be corrected" after reviewing the Defendants' motion for judgment on the pleadings. 2025 WL 2426830 at *1. And in *Miller*, the court permitted the plaintiff to amend his complaint two days

after the Rule 15(a)(1) deadline because he (1) mistakenly agreed to a schedule that conflicted with Rule 15; (2) had not previously amended his complaint; (3) otherwise complied with Rule 15's timeliness requirements; and (4) diligently pursued amendment. 2024 WL 1090627, at *1-2.

As in *Miller* and *Iovance*, Together has diligently pursued amendment, has not previously amended its Complaint, and seeks leave to amend in direct response to arguments presented in Defendants' Motion to Dismiss regarding key events underlying this litigation. Good cause thus exists to permit Together to file an amended complaint.

### B.     A Modest Extension Beyond the Rule 15(a) Deadline is Warranted

Subject to the Court finding good cause to modify the scheduling order, Together respectfully requests leave to amend by Monday, November 3, 2025, which is 28 days after the filing of Defendants' Motion to Dismiss. Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter course no later than . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). Together seeks a modest 7-day extension of the otherwise applicable 21-day deadline under Rule 15(a)—which would fall on October 27, 2025—until November 3, 2025, to ensure that Together has adequate time to conduct a reasonable inquiry into the factual basis for its amended pleadings. Together has not previously amended its Complaint, has acted with haste to file this Motion without delay after receiving Defendants' Motion to Dismiss and analyzing its arguments, and does not request any other adjustments to the Case Schedule at this time. Considering the deadlines for amendment in Rule 15(a)(1)(b), the reasons Together seeks extension of the deadline for amending the Complaint, and that the overall case schedule will not be impacted, the requested extension of time is appropriate.

## V.     CONCLUSION

For the foregoing reasons, Together respectfully requests that the Court grant the Motion, modify the Scheduling Order, and grant Together leave to amend its Complaint on or before November 3, 2025.

6

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TOGETHER'S MOT. TO MODIFY SCHEDULING ORDER
AND FOR LEAVE TO FILE AMENDED COMPLAINT
CASE NO. 4:25-cv-04687-JST

Dated: October 9, 2025         Respectfully submitted,

  /s/ Kailen M. Malloy

Kailen M. Malloy (Bar No. 341851)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (650) 328-4600
kailen.malloy@lw.com

Jason R. Burt (*Pro Hac Vice*)
Connor J. Madden (*Pro Hac Vice*)
Parag Dharmavarapu (*Pro Hac Vice*)
**LATHAM & WATKINS LLP**
555 11th Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
jason.burt@lw.com
connor.madden@lw.com
parag.dharmavarapu@lw.com

*Attorneys for Plaintiff Together AI, Inc.*

7

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TOGETHER'S MOT. TO MODIFY SCHEDULING ORDER
AND FOR LEAVE TO FILE AMENDED COMPLAINT
CASE NO. 4:25-cv-04687-JST